UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. **18 - 20668**

CR-MIDDLEBROOKS

18 U.S.C. § 1349
18 U.S.C. § 1343
18 U.S.C. § 670(a)(1) and (a)(6)
18 U.S.C. § 982(a)(2)(A)

MAGISTRATE JUDGE
GARBER

**UNITED STATES OF AMERICA**

vs.

**BYRAMJI MONECK JAVAT,
JAMES SIPPRELL,
LUIS ALBERTO SOTO,
SUNIL CHOPRA,
WILLIAM ARMANDO, and
EMANUEL GEORGE DASKOS,**

FILED by ___ D.C.

AUG 0 7 2018

STEVEN M. LARIMORE
CLERK U. S. DIST. CT.
S. D. of FLA. – MIAMI

**Defendants.**

_____/

## INDICTMENT

The Grand Jury charges that:

### GENERAL ALLEGATIONS

At all times material to this Indictment:

1.     The U.S. Food and Drug Administration ("FDA") is an agency of the United States

Government charged with the responsibility of protecting the American public by ensuring, among

other things, that food, drugs, and medical devices distributed in the United States are safe and

bear labeling containing true and accurate information.  The FDA does so by enforcing the Federal

Food, Drug, and Cosmetic Act ("FDCA"), 21 U.S.C. § 301 *et seq*.

2.     The FDCA and implementing regulations set forth numerous requirements for the

labeling of FDA regulated products intended to be distributed in the United States.



3.     Manufacturers of medical and other FDA regulated consumer products are often multinational companies that distribute their products both in the United States and abroad, and often have offices throughout the world. Such companies are careful to ensure that products that will be distributed in the United States are labeled and packaged in compliance with FDA requirements for domestic distribution.

4.     Manufacturers of FDA regulated consumer products that distribute their products both in the United States and abroad will sometimes sell their products to foreign distributors at deep discounts for a variety of reasons, including as a way to open new markets and because they do not have to pay for advertising or promotion abroad. In some cases, the companies believe they are selling to the United States military or to organizations or distributors that are trying to help the poor in underdeveloped countries.

5.     Because the FDCA and implementing regulations set forth specific labeling requirements for FDA regulated products intended for distribution in the United States, United States based wholesalers and other distributors of FDA regulated products that intend to distribute such products domestically will generally only purchase FDA regulated products that are labeled in accordance with those FDA labeling requirements.

**DEFENDANTS**

6.     Defendant **BYRAMJI MONECK JAVAT** was a citizen of Pakistan, resident of the United Arab Emirates, and presented himself as the Chairman of the Uniword Group ("Uniworld"), which purports to be a "global supply chain management company" based in the United Arab Emirates. The Uniworld Group purports to consist of a number of associated "buying companies," "selling companies," and "U.S. associated companies," which include International Medical Distributors, Inc.

2

7. Defendant **JAMES SIPPRELL** was a resident of Georgia and the CEO of International Medical Distributors, Inc. and Infinity Medical, Inc., both of which had their principle offices in Calhoun, Georgia, and were listed as "U.S. associated companies" of the Uniworld Group.

8. Defendant **LUIS ALBERTO SOTO** was a resident of Palm Beach County, Florida, and the president of Absolute Freight Services, Inc. ("Absolute"), which had its principal place of business in Wellington, Florida. In its formation documents, Absolute purports to engage in the business of customs brokering.

9. Defendant **EMANUEL GEORGE DASKOS** was a resident of Miami-Dade and Broward Counties, the president of Regal Distributing, Inc. and a director of Wheeler Trading, Inc., both of which had their principal places of business in Miami-Dade County, Florida.

10. Defendant **SUNIL CHOPRA** was a resident of California and the president/owner of ITL USA, Inc. ("ITL"), a business headquartered in or around Irvine, CA. According to its website, ITL provides a broad range of services, including warehousing, distribution, packaging, freight brokerage, and shipping.

11. Defendant **WILLIAM ARMANDO** was a resident of California and presented himself as an employee of ITL.

## COUNT 1
## Conspiracy to Commit Wire Fraud
## (18 U.S.C. § 1349)

1. Paragraphs 1 through 11 of the General Allegations section of this Indictment are re-alleged and incorporated by reference as if fully set forth herein.

3

2. From at least as early as in or around March 2014, through in or around October 2017, the exact dates being unknown to the Grand Jury, in Miami-Dade and Broward Counties, in the Southern District of Florida, and elsewhere, the defendants,

**BYRAMJI MONECK JAVAT,**
**JAMES SIPPRELL,**
**LUIS ALBERTO SOTO,**
**SUNIL CHOPRA,**
**WILLIAM ARMANDO, and**
**EMANUEL GEORGE DASKOS,**

did knowingly and willfully, that is, with the intent to further the object of the conspiracy, combine, conspire, confederate, and agree with each other and with other persons known and unknown to the Grand Jury to knowingly, and with the intent to defraud, devise, and intend to devise, a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, and, for the purpose of executing the scheme and artifice, did knowingly transmit and cause to be transmitted, by means of wire communication in interstate commerce, certain writings, signs, signals, pictures and sounds, in violation of Title 18, United States Code, Section 1343.

## PURPOSE OF THE CONSPIRACY

3. It was the purpose of the conspiracy for the defendants and their co-conspirators to unjustly enrich themselves by obtaining FDA regulated consumer goods at deeply discounted prices from manufacturers and distributors of such goods (the "Victim Companies") by falsely and fraudulently informing them that the products were for distribution and use outside of the United States (i.e., "for export only"), when, in fact, the defendants intended to, and did, sell those goods at a substantial profit and for their own enrichment to wholesalers, distributors, and others in the United States.

4

## MANNER AND MEANS OF THE CONSPIRACY

The manner and means by which the defendants and their co-conspirators sought to accomplish the object and purpose of the conspiracy included, among others, the following:

4.     **BYRAMJI MONECK JAVAT** and other co-conspirators, on behalf of various Uniworld Group "buying companies," identified and contacted the Victim Companies by telephone and e-mail, and made false and fraudulent representations to them, including representations that they sought to purchase the Victim Companies' products exclusively for distribution and use abroad.

5.     **BYRAMJI MONECK JAVAT** and other co-conspirators, in furtherance of the conspiracy, would specify to the Victim Companies that the products they sought to purchase had to be labeled and packaged for the United States market.

6.     In reliance on the representations of the defendants and their co-conspirators that their products were to be purchased solely for use and distribution outside the United States, the Victim Companies sold their products to the defendants at deeply discounted prices.

7.     **BYRAMJI MONECK JAVAT, JAMES SIPPRELL, WILLIAM ARMANDO, SUNIL CHOPRA,** and other co-conspirators arranged for the diversion of products purchased from the Victim Companies, which were supposed to be or were in fact shipped abroad, to various locations in the United States, by, among other things: (1) shipping the products abroad and then having them immediately shipped back to the United States; (2) having the products diverted directly to a location within the United States and providing the Victim Companies with fraudulent shipping documentation reflecting that the products were exported; or (3) diverting the products directly to locations within the United States and exporting "dummy" shipments in their place in order to generate export documentation to provide to the Victim Companies.

5

8.      **LUIS ALBERTO SOTO** prepared and submitted the necessary paperwork with the United States Government, including with US Customs and Border Protection and the FDA, in order to facilitate the entry of the Victim Companies' diverted products into the United States through the Port of Miami or Miami International Airport.

9.      **JAMES SIPPRELL** and **EMANUEL GEORGE DASKOS** arranged for the removal of stickers and other forms of packaging placed by certain Victim Companies on their products, which reflected that the products were being exported, so that the defendants could sell the diverted products to United States based wholesalers and distributors.

10.      **BYRAMJI MONECK JAVAT** and **JAMES SIPPRELL** contacted and negotiated with United States based wholesalers and distributors, in person, by phone, and through e-mail, for the sale of the Victim Companies' diverted products at a significant profit to the defendants and other co-conspirators.

11.      The defendants and their co-conspirators effectuated their fraudulent scheme through the use of interstate and foreign wires, specifically, through interstate and foreign wire transfers and e-mail communications.

All in violation of Title 18, United States Code, Section 1349.

## COUNTS 2-4
### Wire Fraud
### (18 U.S.C. § 1343)

1.      Paragraphs 1 through 11 of the General Allegations section of this Indictment are re-alleged and incorporated by reference as if fully set forth herein.

2.      From on or about December 15, 2016, through on or about March 28, 2017, the exact dates being unknown to the Grand Jury, in Miami-Dade and Broward Counties, in the Southern District of Florida, and elsewhere, the defendants,

6

**BYRAMJI MONECK JAVAT,
JAMES SIPPRELL,
LUIS ALBERTO SOTO,
SUNIL CHOPRA, and
WILLIAM ARMANDO,**

did knowingly, and with the intent to defraud, devise, and intend to devise, a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, and, for the purpose of executing the scheme and artifice, did knowingly transmit and cause to be transmitted, by means of wire communication in interstate commerce, certain writings, signs, signals, pictures and sounds, in violation of Title 18, United States Code, Section 1343.

## PURPOSE OF THE SCHEME AND ARTIFICE

3.    The purpose of the scheme and artifice was for the defendants and their accomplices to unjustly enrich themselves by obtaining consumer goods at deeply discounted prices from manufacturers and distributors of such goods by falsely and fraudulently informing them that the products were for distribution and use outside of the United States, when, in fact, the defendants intended to, and would, sell those goods at a substantial profit and for their own enrichment to wholesalers, distributors, and others in the United States.

## SCHEME AND ARTIFICE

4.    Paragraphs 4 through 11 of the Manner and Means section of Count 1 of this Indictment are re-alleged and incorporated by reference herein as the description of the scheme and artifice.

7

## USE OF WIRES

5.      On or about the dates specified as to each count below, in Miami-Dade and Broward

Counties, in the Southern District of Florida, and elsewhere, the defendants, as specified in each

count below, for the purpose of executing and in furtherance of the aforesaid scheme and artifice

to defraud, and to obtain money and property by means of materially false and fraudulent

pretenses, representations, and promises, knowing that the pretenses, representations, and

promises were false and fraudulent when made, did knowingly transmit and cause to be transmitted

in interstate and foreign commerce, by means of wire communication, certain writings, signs,

signals, pictures, and sounds, as described below:

| COUNT | APPROXIMATE DATE | DEFENDANT(S) | DESCRIPTION OF WIRE |
|---|---|---|---|
| 2 | December 15, 2016 | **BYRAMJI MONECK JAVAT, JAMES SIPPRELL, WILLIAM ARMANDO, and SUNIL CHOPRA** | E-mail transmission of price list of bandages and related products sent by **BYRAMJI MONECK JAVAT**, in the United Arab Emirates, to G.F., in Broward County, Florida, **JAMES SIPPRELL**, in Georgia, and others. |
| 3 | March 21, 2017 | **BYRAMJI MONECK JAVAT, JAMES SIPPRELL, and LUIS ALBERTO SOTO** | E-mail transmission from **LUIS ALBERTO SOTO** to an FDA officer in Miami-Dade County, Florida, through FDA e-mail servers in Maryland, regarding entry of over-the-counter pain medications into the United States. |
| 4 | March 28, 2017 | **BYRAMJI MONECK JAVAT, JAMES SIPPRELL, LUIS ALBERTO SOTO, WILLIAM ARMANDO, and SUNIL CHOPRA** | E-mail transmission regarding purchase orders of medical products sent by G.F. in Broward County, Florida to **JAMES SIPPRELL** in Georgia, among others. |

In violation of Title 18, United States Code, Sections 1343 and 2.

## Count 5
## Conspiracy to Obtain by Fraud and Deception Pre-Retail Medical Products
## (18 U.S.C. §670(a)(6))

From in or around March 2014, through in or around October 2017, the exact dates being unknown to the Grand Jury, in Miami-Dade and Broward Counties, in the Southern District of Florida, and elsewhere, the defendants,

**BYRAMJI MONECK JAVAT,**
**JAMES SIPPRELL,**
**LUIS ALBERTO SOTO,**
**SUNIL CHOPRA,**
**WILLIAM ARMANDO, and**
**EMANUEL GEORGE DASKOS,**

did willfully, that is, with the intent to further the object of the conspiracy, and knowingly combine, conspire, confederate, and agree with each other and with others known and unknown to the Grand Jury, to obtain by fraud and deception pre-retail medical products, with a value of $5,000 or greater, that is, over the counter pain medications, bandages, surgical instruments, and dental products, in and using a means or facility of interstate and foreign commerce, in violation of Title 18, United States Code, Section 670(a)(6) and (a)(1).

## Counts 6-7
## Theft of Pre-Retail Medical Products
## (18 U.S.C. § 670(a)(1))

On or about the dates specified as to each count below, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**BYRAMJI MONECK JAVAT,**
**JAMES SIPPRELL, and**
**LUIS SOTO,**
ALBER TO AMS

did obtain by fraud and deception pre-retail medical products, with a value of $5,000 or greater, that is, over the counter pain medications, in and using a means or facility of interstate and foreign commerce:

9

| COUNT | APPROXIMATE DATES |
|-------|-------------------|
| 6 | February 17, 2017 |
| 7 | February 18, 2017 |

In violation of Title 18, United States Code, Sections 670(a)(1) and 2.

## FORFEITURE ALLEGATIONS

1.      The allegations of this Indictment are re-alleged and by this reference fully incorporated herein for the purpose of alleging criminal forfeiture to the United States of America of certain property in which one or more of the defendants have an interest.

2.      Upon conviction of a violation of Title 18, United States Code, Section 1343, or a conspiracy to commit same in violation of Title 18, United States Code, Section 1349, as alleged in this Indictment, any defendant so convicted shall forfeit to the United States of America, all property constituting, or derived from, proceeds obtained directly or indirectly, as the result of such violation.

3.      The property subject to forfeiture includes but is not limited to:

a.      Proceeds in the approximate amount of $ 21,637,966.83;

b.      Contents of Bank of America Account ending 6117 in the name of Proton Healthcare Ltd.;

c.      Contents of Bank of America Account ending 6120 in the name of Infinity Medical, Inc.;

d.      Contents of Bank of America Account ending 9515 in the name of International Medical Distributors, Inc.

4.      If the property sought for forfeiture, as a result of any act or omission of one or more of the defendants:

(A)     cannot be located upon the exercise of due diligence;

10

        (B)      has been transferred or sold to, or deposited with, a third party;

        (C)      has been placed beyond the jurisdiction of the court;

        (D)      has been substantially diminished in value; or

        (E)      has been commingled with other property which cannot be divided without

difficulty,

the United States will seek the forfeiture of substitute assets including, but not limited to, the property located at 2118 Highway 41 South SE, Calhoun, Georgia, 30701-3622.

All pursuant to Title 18, United States Code, Section 982(a)(2)(A), and the procedures set forth in Title 21, United States Code, Section 853, made applicable by Title 18, United States Code, Section 982(b)(1).

A TRUE BILL

FOREPERSON

BENJAMIN G. GREENBERG
UNITED STATES ATTORNEY

DAVID S. TURKEN
ASSISTANT UNITED STATES ATTORNEY

11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

v.

BYRAMJI MONECK JAVAT, et al.,

_____ Defendants.   /

CASE NO. _____

**CERTIFICATE OF TRIAL ATTORNEY\***

**Superseding Case Information:**

**Court Division**: (Select One)

[✓] Miami
[ ] FTL
[ ] Key West
[ ] WPB
[ ] FTP

New Defendant(s)          Yes [ ]          No [ ]
Number of New Defendants
Total number of counts

I do hereby certify that:

1.    I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2.    I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3.    Interpreter:          (Yes or No)          No
      List language and/or dialect

4.    This case will take          14-18          days for the parties to try.

5.    Please check appropriate category and type of offense listed below:

      (Check only one)                                          (Check only one)

      I      0   to 5 days                                      [ ] Petty
      II     6   to 10 days                                     [ ] Minor
      III    11  to 20 days          [✓]                        [ ] Misdem.          [ ]
      IV     21 to 60 days                                      [ ] Felony           [✓]
      V      61 days and over

6.    Has this case been previously filed in this District Court? (Yes or No)   No
If yes:
Judge: _____          Case No. _____
(Attach copy of dispositive order)
Has a complaint been filed in this matter?          (Yes or No)   No
If yes:
Magistrate Case No. _____
Related Miscellaneous numbers: _____
Defendant(s) in federal custody as of _____
Defendant(s) in state custody as of _____
Rule 20 from the District of _____
Is this a potential death penalty case? (Yes or No)          No

7.    Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003?          Yes [ ]          No [✓]

_____
DAVID S. TURKEN
ASSISTANT UNITED STATES ATTORNEY
Bar Number: 28573

\*Penalty Sheet(s) attached

REV 4/8/08

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### PENALTY SHEET

**Defendant's Name:** BYRAMJI MONECK JAVAT

**Case No:** _____

Count #: 1

Conspiracy to Commit Wire Fraud

Title 18, United States Code, Section 1349

**\*Max. Penalty:** 20 Years' Imprisonment

Counts #: 2-4

Wire Fraud

Title 18, United States Code, Section 1343

**\*Max. Penalty:** 20 Years' Imprisonment

Count #: 5

Conspiracy to Obtain by Fraud and Deception Pre-Retail Medical Products

Title 18, United States Code, Section 670(a)(6)

**\*Max. Penalty:** 15 Years' Imprisonment

Counts #: 6-7

Theft of Pre-Retail Medical Products

Title 18, United States Code, Section 670(a)(1)

**\*Max. Penalty:** 15 Years' Imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### PENALTY SHEET

**Defendant's Name:** JAMES SIPPRELL

**Case No:**

Count #: 1

Conspiracy to Commit Wire Fraud

Title 18, United States Code, Section 1349

**\*Max. Penalty:** 20 Years' Imprisonment

Counts #: 2-4

Wire Fraud

Title 18, United States Code, Section 1343

**\*Max. Penalty:** 20 Years' Imprisonment

Count #: 5

Conspiracy to Obtain by Fraud and Deception Pre-Retail Medical Products

Title 18, United States Code, Section 670(a)(6)

**\*Max. Penalty:** 15 Years' Imprisonment

Counts #: 6-7

Theft of Pre-Retail Medical Products

Title 18, United States Code, Section 670(a)(1)

**\*Max. Penalty:** 15 Years' Imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### PENALTY SHEET

**Defendant's Name:** LUIS ALBERTO SOTO

**Case No:**

Count #: 1

Conspiracy to Commit Wire Fraud

Title 18, United States Code, Section 1349

**\*Max. Penalty:** 20 Years' Imprisonment

Counts #: 3-4

Wire Fraud

Title 18, United States Code, Section 1343

**\*Max. Penalty:** 20 Years' Imprisonment

Count #: 5

Conspiracy to Obtain by Fraud and Deception Pre-Retail Medical Products

Title 18, United States Code, Section 670(a)(6)

**\*Max. Penalty:** 15 Years' Imprisonment

Counts #: 6-7

Theft of Pre-Retail Medical Products

Title 18, United States Code, Section 670(a)(1)

**\*Max. Penalty:** 15 Years' Imprisonment
**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### PENALTY SHEET

**Defendant's Name:**  SUNIL CHOPRA

**Case No:**

Count #: 1

Conspiracy to Commit Wire Fraud

Title 18, United States Code, Section 1349

**\*Max. Penalty:** 20 Years' Imprisonment

Counts #: 2, 4

Wire Fraud

Title 18, United States Code, Section 1343

**\*Max. Penalty:** 20 Years' Imprisonment

Count #: 5

Conspiracy to Obtain by Fraud and Deception Pre-Retail Medical Products

Title 18, United States Code, Section 670(a)(6)

**\*Max. Penalty:** 15 Years' Imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### PENALTY SHEET

**Defendant's Name:** WILLIAM ARMANDO

**Case No:**

Count #: 1

Conspiracy to Commit Wire Fraud

Title 18, United States Code, Section 1349

**\*Max. Penalty:** 20 Years' Imprisonment

Counts #: 2, 4

Wire Fraud

Title 18, United States Code, Section 1343

**\*Max. Penalty:** 20 Years' Imprisonment

Count #: 5

Conspiracy to Obtain by Fraud and Deception Pre-Retail Medical Products

Title 18, United States Code, Section 670(a)(6)

**\*Max. Penalty:** 15 Years' Imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### PENALTY SHEET

**Defendant's Name:**  EMANUEL GEORGE DASKOS

**Case No:**

Count #: 1

Conspiracy to Commit Wire Fraud

Title 18, United States Code, Section 1349

**\*Max. Penalty:** 20 Years' Imprisonment

Count #: 5

Conspiracy to Obtain by Fraud and Deception Pre-Retail Medical Products

Title 18, United States Code, Section 670(a)(6)

**\*Max. Penalty:** 15 Years' Imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**